UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC M. KYNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Case No. 1:14-cv-400-TWP-DKL |
| ) | |
| SUPERINTENDENT, NEW CASTLE ) | |
| CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondent. ) | |

## ENTRY ON PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Eric Kyner's ("Mr. Kyner") Petition for Writ of Habeas Corpus. In 2006, Mr. Kyner pled guilty to rape and criminal confinement in an Indiana state court. On November 1, 2006, he was sentenced to fifteen years' imprisonment with three years suspended to probation for these crimes. Mr. Kyner now seeks a writ of habeas corpus.

For the reasons explained in this Entry, Mr. Kyner's Petition is **denied** and the action dismissed with prejudice. However, the Court finds that a certificate of appealability should issue as to one of Mr. Kyner's claims.

### I. BACKGROUND

District court review of a habeas petition presumes all factual findings of the state court to be correct, absent clear and convincing evidence to the contrary. *See Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007). On post-conviction appeal, the Indiana Court of Appeals summarized the relevant factual and procedural history:

> In 2006, Kyner was charged with burglary, a Class A felony; rape, a Class B felony; criminal confinement, a Class D felony; and battery, a Class A misdemeanor. Pursuant to a plea agreement, Kyner agreed to plead guilty to the rape and criminal confinement charges. In exchange, the State agreed to dismiss the burglary and battery charges, and recommend that Kyner be sentenced to twelve years

> imprisonment executed in the Indiana Department of Correction for the rape conviction, to be served consecutively to three years imprisonment suspended to sex offender probation for the criminal confinement conviction. The plea agreement also specified that Kyner would register as a sex offender. The trial court accepted the agreement and Kyner was sentenced accordingly.
>
> Kyner was paroled on May 10, 2010. On August 2, 2011, the trial court ordered that Kyner be supervised by probation while completing his parole obligation. On August 23, 2011, Kyner was given notice of a probation violation. On September 9, 2011, the trial court held a hearing and discharged Kyner from probation. On December 20, 2011, the parole board found Kyner guilty of a parole violation and revoked his parole.
>
> On January 17, 2012, Kyner filed, pro se, a petition for post-conviction relief, alleging that he was improperly placed on parole and that he was not informed at the time of his sentencing that he would be required to register as a sexually violent predator for the rest of his life. The post-conviction court held a hearing on the petition on July 18, 2012. After giving the Attorney General's office an opportunity to respond to the petition, the court issued findings of fact and conclusions of law denying Kyner's petition on January 8, 2013.

*Kyner v. State*, 2013 WL 3776972, *1 (Ind. Ct. App. 2013) ("*Kyner*").

The Indiana Court of Appeals in *Kyner* affirmed the denial of post-conviction relief. *See id.* at *3. Mr. Kyner then filed a petition to transfer with the Indiana Supreme Court, and it denied transfer on October 10, 2013. *See Kyner v. State*, 995 N.E.2d 620 (Ind. 2013).

Mr. Kyner was released from state prison on or about January 3, 2015 with the condition of sex-offender parole which included of GPS monitoring. According to Mr. Kyner, he was unfortunately returned to the New Castle Correctional Facility for a parole violation as of July 1, 2015 for a technical violation "concerning the GPS monitoring, added to the petitioner's sentence, when he was once again improperly placed on sex-offender parole, and also labeled a 'SVP', January 2nd, 2015." (Filing No. 40 at 1). Mr. Kyner alleges the continued parole is improper "due to the fact the case is discharged." (Filing No. 35 at 4).

## II. APPLICABLE LAW

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a)(1996). Mr. Kyner filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). His petition, therefore, is subject to AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

"Under the current regime governing federal habeas corpus for state prison inmates, the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Guys v. Taylor*, 529 U.S. 362 (2000); *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000)). Thus, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

## III. DISCUSSION

Mr. Kyner raises several claims in his Petition as well as in a subsequent filing entitled Amended Motion for Preliminary Injunction, which the Court deemed to amend and expand his habeas Petition. (Filing No. 35.) In his habeas petition, Mr. Kyner raises challenges to his

placement on parole and his designation as a sexually violent predator. In his amended filing, he raises similar claims regarding his most recent placement on parole in January 2015.

The Respondent contends that Mr. Kyner's challenges to his January 2015 placement on parole are unexhausted because he has not raised these claims in state court. The Court disagrees. Mr. Kyner's claims with respect to his most recent placement on parole are essentially the same as those he raised in *Kyner*, and the parole period challenged in both instances stems from the same 2006 convictions for rape and criminal confinement. Therefore, Mr. Kyner's claims are not new, unexhausted claims, but a continuation of his challenges raised in *Kyner* that are still affecting him.

Even if the Respondent was correct that Mr. Kyner's claims are unexhausted or procedurally defaulted, because his claims are meritless, it is still prudent for the Court to address them on the merits. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *see also Brown v. Watters*, 599 F.3d 602, 610 (7th Cir. 2010); *Miller v. Mullin*, 354 F.3d 1288, 1297 (10th Cir. 2004). Accordingly, the Court will address all of Mr. Kyner's challenges to his placement on parole.

Mr. Kyner raises the following claims in his Petition: (1) whether the *Kyner* court erred in concluding that he was properly designated a sexually violent predator; (2) whether the *Kyner* court erred in concluding that he was properly placed on parole after he was discharged from probation; and (3) whether his double jeopardy or due process rights were violated when he was placed on parole, since his plea agreement and criminal judgment only provided for probation.

A.  **Designation as a Sexually Violent Predator**

With respect to his first claim, Mr. Kyner argues that his designation as a sexually violent predator under Indiana law is unconstitutional because the law was passed in 2007, yet he plead guilty in 2006 and therefore should not be subject to the requirements of a 2007 law. This appears to be a claim that Mr. Kyner's rights under the *Ex Post Facto* Clause were violated. The Indiana Court of Appeals addressed this claim on the merits in *Kyner*, with the following reasoning:

> The Indiana Sex Offender Registration Act ("the Act") was amended in 2007 to define a person who has committed one of a number of qualifying offenses, including rape, a sexually violent predator by operation of law if the person was released from incarceration, secure detention, or probation for the offense after June 30, 1994. Ind. Code § 35–38–1–7.5(b). A sexually violent predator is subject to a lifetime registration requirement. Ind. Code § 11–8–8–19(b). Kyner was convicted of rape and was released from incarceration after June 30, 1994, and thus, under the 2007 Amendment, is a sexually violent predator by operation of law. Kyner appears to argue that applying the statute to him constitutes a violation of the constitutional prohibition on ex post facto laws. He claims that his designation as a sexually violent predator is punitive in nature and is improper in light of the fact that at his sentencing in 2006, the Act only required him to register as a sex offender for ten years.
>
> Kyner's arguments were rejected by our supreme court in *Lemmon v. Harris*, 949 N.E.2d 803 (Ind. 2011). In *Lemmon*, the court determined that the 2007 amendment of the Act applied retroactively to the defendant, who was convicted of one of the qualifying offenses in the statute and was released from incarceration after June 30, 1994. *Id.* at 809. The court further determined that even though the defendant had been sentenced in 1999 and was required at the time to register as a sex offender for ten years, retroactively applying the 2007 Amendment of the Act to him was not unconstitutional because it was nonpunitive. *Id.* at 813. In so doing, the court noted that the Act was in place at the time of the defendant's sentencing, *id.*; *cf. Wallace v. State*, 905 N.E.2d 371, 384 (Ind. 2009) (holding that applying the Act to the defendant, who was charged, convicted, and served his sentence prior to the Act being enacted, violated the prohibition on ex post facto laws), and that the 2007 Amendment advanced the Act's legitimate regulatory purpose of public safety, *Lemmon*, 949 N.E.2d at 813. Moreover, the court noted that under the 2007 Amendment, the defendant could petition the court to consider whether he should no longer be considered a sexually violent predator ten years from the date of his release from prison. *Lemmon*, 949 N.E.2d at 812–13; *see also* Ind. Code § 35–38–1–7.5(g). Like the defendant in *Lemmon*, Kyner may petition the court to consider whether he should no longer be considered a sexually violent predator ten years

> from the date of his release. His current designation as a sexually violent predator, however, is proper, and the post-conviction court did not err in so finding.

*Kyner*, 2013 WL 3776972, at *2.

The nature of Mr. Kyner's challenges are not entirely clear. To the extent that he argues that he was not notified in his plea agreement or the criminal judgment that he would be designated as a sexually violent predator—and thus subject to lifetime registration—this does not violate his due process or any other constitutional rights. Under Indiana law, the sexually violent predator designation and corresponding lifetime registration requirement are mandatory for individuals committing certain crimes, including rape. *See* Ind. Code § 35-38-1-7.5(b); Ind. Code § 11-8-8-19(b). Where "there [is] no room for the exercise of judicial discretion" because a collateral consequences of a sentence is "mandatory," as is the case here, "the omission of [such a consequence] from the judgment d[oes] not make the sentence unlawful." *Carroll v. Daugherty*, 764 F.3d 786, 788-89 (7th Cir. 2014).

This does not, however, resolve his *ex post facto* challenge that he made in *Kyner* and appears to be re-asserting here. Unlike in *Carroll*, the Indiana statute designating Mr. Kyner as a sexually violent predator was not passed until the year after his conviction. The Indiana Court of Appeals in *Kyner* relied on Indiana Supreme Court jurisprudence to conclude that subjecting Mr. Kyner to the requirements of a law passed in 2007 did not violate Indiana's similar state constitutional prohibition on *ex post facto* laws. Given that federal habeas relief is only available for violations of federal law, the question here is whether the federal constitutional prohibition on *ex post facto* laws was violated.

The United States Constitution "prohibits both federal and state governments from enacting any '*ex post facto* Law.'" *Peugh v. United States*, 133 S. Ct. 2072, 2081 (2013) (citing Art. I, § 9, cl. 3; Art. I, § 10). Among other things, this clause prohibits laws "that chang[e] the punishment,

6

and inflic[t] a greater punishment, than the law annexed to the crime, when committed." *Id.* (citation and quotation marks omitted). "[T]he constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood*, 497 U.S. 37, 41 (1990). "The [Supreme] Court has emphasized the restriction of the Clause to penal statutes, and thus a civil regulatory regime will implicate *ex post facto* concerns only if it can be fairly characterized as punishment." *United States v. Leach*, 639 F.3d 769, 772 (7th Cir. 2011) (citations and quotation marks omitted). Simply put, "[t]o violate the Ex Post Facto Clause . . . a law must be both retrospective *and* penal." *Id.*

Mr. Kyner cannot point to any clearly established federal law as determined by the United States Supreme Court that the sexually violent predator designation and corresponding requirements, such as lifetime registration, violate the *Ex Post Facto* Clause. "[W]hether a comprehensive registration regime targeting only sex offenders is penal . . . is not an open question," given that the Supreme Court in *Smith v. Doe*, 538 U.S. 84 (2003), held that "an Alaska sex offender registration and notification statute posed no *ex post facto* violation because it was a civil, rather than penal, statute." *Leach*, 639 F.3d at 773. Moreover, the Seventh Circuit has held that the federal registration statute, the Sex Offender Registration and Notification Act, "is not an *ex post facto* law." *Id.*

Finally, to the extent Mr. Kyner is challenging only the State's decision to apply the 2007 law retroactively, the State's decision to do so does not violate his federal constitutional rights. *Wainwright v. Stone*, 414 U.S. 21, 23-24 (1973). This is because the United States Supreme Court has made clear that "the Federal Constitution has no voice upon the subject" of a State's decisions regarding the retroactivity of its laws. *Great Northern Ry. Co. v. Sunburst Oil & Refining Co.*,

Case 1:14-cv-00400-TWP-DKL Document 45 Filed 07/22/16 Page 8 of 11 PageID #: 500

287 U.S. 858, 364 (1932); *see also Linkletter v. Walker*, 381 U.S. 618, 629 (1965) ("[W]e believe the Constitution neither prohibits nor requires retrospective effect.").

Accordingly, Mr. Kyner's *ex post facto* challenge to his designation as a sexually violent predator and the corresponding requirements of that designation has no merit.

**B.**     **Placement on Parole**

Next, Mr. Kyner raises various challenges to his placement on parole. He argues that the *Kyner* court erred in concluding that he was properly placed on parole after he was discharged from probation because the discharge from probation ended his criminal sentence. Mr. Kyner also maintains that his double jeopardy and due process rights were violated when he was placed on parole because his plea agreement provided only for probation.

The Indiana Court of Appeals in *Kyner* addressed similar claims on the merits, reasoning as follows:

> In May 2006, at the time Kyner committed the underlying offenses, Indiana Code section 35–50–6–1(d) stated: "When an offender (as defined in IC 5–2–12–4) completes the offender's fixed term of imprisonment, less credit time earned with respect to that term, the offender shall be placed on parole for not more than ten (10) years." Indiana Code section 5-2-12-43 defined an "offender" as someone who committed any one of a number of offenses, including rape. Thus, Kyner is subject to this ten year parole requirement. Kyner argues that he was improperly placed on parole because he was never informed at his sentencing of the parole consequences of his plea. Our supreme court has held, however, that a court is "not required to advise the defendant of the parole consequences of his plea." *Fulmer v. State*, 519 N.E.2d 1236, 1238 (Ind. 1988); *see also Jones v. State*, 491 N.E.2d 542, 543 (Ind. 1986). Thus, even if Kyner was not informed at his sentencing that he would be placed on parole after his release from prison, subjecting him to the statutory requirement of parole was not improper nor was it a breach of his plea agreement.
>
> Kyner also appears to contend that when he was released from prison, he was "turned over" to begin his sentence for his criminal confinement conviction-three years of sex offender probation. However, as Kyner concedes, he was placed on parole upon his release from prison in May of 2010. The parole board has the authority to discharge a person from his parole prior to his fixed term expiring. *See* Ind. Code § 35–50–6–1(b); *see also Meeker v. Ind. Parole Bd.*, 794 N.E.2d 1105, 1109 (Ind. Ct. App. 2003) (holding that by "turning over" the defendant to serve

>his sentences for a second set of convictions, the parole board effectively discharged him from the sentences for his first set of convictions), *trans. denied*. Here, however, there is no evidence that the parole board discharged Kyner from his sentence for his rape conviction. *See Parker v. State*, 822 N.E.2d 285, 288 (Ind. Ct. App. 2005) (holding that the parole board properly reinstated the balance of the defendant's sentence when it revoked his parole because there was no evidence that it had ever discharged or "turned over" his sentence). Thus, Kyner was both on parole and on probation at the same time. *See Pallett v. State*, 901 N.E .2d 611, 615 n.2 (Ind. Ct. App. 2009) (an offender may be on parole for one offense while serving a consecutive sentence), *trans. denied*. And when the trial court discharged Kyner from his probation, this did not serve as a discharge from his parole from the Department of Correction. Probation and parole, while similar, are distinct. *See Harris v. State*, 762 N.E.2d 163, 167 (Ind. Ct. App. 2002) ("probation relates to judicial action taken before the prison door is closed, whereas parole relates to executive action taken after the door has closed on a convict") (citation and quotations omitted), *trans. denied*. For the foregoing reasons, the post-conviction court did not err when it found that Kyner was properly placed on parole.

*Kyner*, 2013 WL 3776972, at *3.

To the extent that Mr. Kyner is again raising his challenges from *Kyner* regarding his eligibility for parole and whether he was discharged from his sentence, these are questions of state law. The United States Supreme Court has "repeatedly held that 'federal habeas corpus relief does not lie for errors of state law.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Accordingly, Mr. Kyner cannot obtain habeas relief for these claims.

To the extent Mr. Kyner is asserting constitutional challenges to his placement on parole, these challenges are likewise without merit. Mr. Kyner maintains that due process and the prohibition on double jeopardy require the entire sentence to be included in his criminal judgment, which his parole was not. But as explained above, with respect to Mr. Kyner's challenge to his designation as a sexually violent predator, the Seventh Circuit's decision in *Carroll* addressed a very similar claim from Illinois and rejected it. Indiana law in place at the time of Mr. Kyner's conviction provided that those convicted of rape "shall be placed on parole for not more than ten

9

(10) years." *Kyner*, 2013 WL 3776972, at *3 (quoting Ind. Code § 35-50-6-1(d)). Again, where "there [is] no room for the exercise of judicial discretion" because the consequences of a sentence are "mandatory," as is the case here with Indiana's parole statutes and the corresponding requirements of parole, "the omission of [such a consequence] from the judgment d[oes] not make the sentence unlawful." *Carroll*, 764 F.3d at 788-89; *see also id.* at 790 ("The failure to mention supervised release in [the petitioner's] sentence did not deprive him of life, liberty, or property."). Accordingly, neither the Due Process Clause nor the Double Jeopardy Clause require that mandatory consequences of a conviction be included in a criminal judgment.

For these reasons, Mr. Kyner is not entitled to habeas relief on these claims.

## IV. CONCLUSION

This Court has carefully reviewed the state record in light of Mr. Kyner's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. Because Mr. Kyner is unable to carry his burden on these claims, he is not entitled to habeas relief, and his Petition is therefore **DENIED**.

Judgment consistent with this Entry shall now issue.

## V. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2254 Cases requires the district courts to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and "[i]f the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Pursuant to § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing includes demonstrating "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate

to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and quotation marks omitted).

The Court concludes that the following claim's resolution could be debated by reasonable jurists or that it is adequate to deserve encouragement to proceed further, and therefore, a certificate of appealability on this claim is **granted** and this Entry shall constitute a certificate of appealability as to one claim: Mr. Kyner's challenge to his designation as a sexually violent predator discussed in Section III.A above. The Court **denies** a certificate of appealability as to the other claims.

The Clerk is **directed** to update the docket to reflect that the correct Respondent is Superintendent, New Castle Correctional Facility.

    **SO ORDERED.**

Date: 07/22/2016

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Eric M. Kyner, #978662
New Castle Correctional Facility
Inmate Parcels/Mail
P.O. Box A
New Castle, Indiana 47362

Kelly A. Loy
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.loy@atg.in.gov